## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF11 MASTER PARTICIPATION TRUST,<br><br>     Plaintiff,<br><br>v.<br><br>RONALD BERRYMAN,<br><br>     Defendant. | Case No. |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust ("U.S. Bank"), and hereby files this Complaint for Declaratory Judgment against Ronald Berryman (the "Defendant") respectfully showing this Honorable Court as follows:

## INTRODUCTION

### 1.

The real property involved in this action is the property located at, and commonly referred to as, 55 Hargrave Avenue, Rossville, Catoosa County,

Georgia, 30741 (the "Property"), and which is more particularly described as follows:

> All that tract or parcel of land lying and being in Original Land Lot 61, in the 9th District and 4th Section of Catoosa County, Georgia, being known and designated as the East forty-six (46) feet of Lot 38 and the West four (4) feet of Lot 39, J. F. Bennett Subdivision, of record in Plat Book M, Page 499, in the Office of the Clerk of the Superior Court of Catoosa County, Georgia.

2.

This is an action brought pursuant to the Declaratory Judgment Act codified at 28 U.S.C. § 2201.

## JURISDICTION AND VENUE

3.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

4.

Federal question jurisdiction is proper because, absent a declaration from this Court, U.S. Bank is vulnerable to a coercive action asserting a federal claim that it is in contempt for violation of bankruptcy discharge under 11 U.S.C. § 524.

5.

Pursuant to 28 U.S.C. § 1367(a), this Court also has supplemental jurisdiction over the state law reformation claim.

6.

U.S. Bank seeks to reform the Security Deed to the extent necessary to correct the legal description of the Property.

7.

The Security Deed contains an error in the legal description that mistakenly describes an unrelated property located in Walker County, Georgia rather than referencing the property described in Exhibit A attached to the Security Deed.

8.

Mr. Berryman argues that this affects the validity of the recorded security deed and means that the lien was discharged in his bankruptcy.

9.

Therefore, the state law reformation claim arises out of the same nucleus of operative fact as the federal claim.

10.

Upon information and belief, Mr. Berryman resides and may be served with the Summons and a copy of the Complaint at 55 Hargrave Avenue, Rossville, Catoosa County, Georgia, 30741. This Court has personal jurisdiction over the Defendant.

11.

Mr. Berryman resides within the Rome Division of the Northern District of Georgia as defined by 28 U.S.C. § 1391(c)(1) and venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

## FACTS

12.

On June 27, 2003, Sheila Fay Killingsworth conveyed the Property to Mr. Berryman via Warranty Deed recorded on June 27, 2003 in Deed Book 1002, Page 589, Catoosa County, Georgia records (the "Warranty Deed"). A true and correct copy of the Warranty Deed is attached hereto as **Exhibit "1"**.

13.

In order to finance his purchase of the Property, on June 25, 2003, Mr. Berryman executed a Note in favor of Hometown Mortgage Services, Inc. ("Hometown"), evidencing a Loan in the original principal amount of Forty-Four Thousand Dollars and 00/100 ($44,000.00) (the "Note"). A true and correct copy of the Executed Note, which has been redacted to remove privacy protected information, is attached as **Exhibit "2"**.

14.

The Note executed by Mr. Berryman identifies the Property address as 55 Hargraves Avenue, Rossville, Georgia 30741.  Exhibit 2, p. 1.

15.

As part of the same transaction, Mr. Berryman also executed and delivered a Security Deed (the "Security Deed") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), solely as nominee for Hometown, which was recorded June 27, 2003 in Deed Book 1002, Page 590, Catoosa County, Georgia records. A true and correct copy of the Security Deed, which has been redacted to remove privacy protected information, is attached as **Exhibit "3"**.

16.

The Security Deed defines "Property" as the property described under the Security Deed's heading "Transfer of Rights in the Property." Exhibit 3, p. 590.

17.

The Transfer of Rights in Property section identifies the property to be secured as the property with the current address of 55 Hargraves Avenue, Rossville, Georgia 30741. Exhibit 3, pp. 591-592.

18.

The full legal description for the property with the current address of 55 Hargraves Avenue, Rossville, Georgia 30741 is attached as Exhibit A to the Security Deed. Exhibit 3, p. 602.

19.

However, by mutual mistake, the Transfer of Rights in Property section of the Security Deed fails to reference Exhibit A to the Security Deed as intended, and instead lists an incorrect legal description for an unrelated property in Walker County, Georgia as the property with the current address of 55 Hargraves Avenue, Rossville, Georgia 30741. Exhibit 3, p. 591-592.

20.

The Transfer of Rights in Property section was intended to reference and incorporate the legal description attached as Exhibit A to the Security Deed.

21.

By Assignment recorded October 7, 2011, in Deed Book 1589, Page 685, Catoosa County, Georgia records, MERS assigned the Security Deed to CitiMortgage, Inc. ("Citi" and "Citi Assignment"). A true and correct copy of the Citi Assignment is attached as **Exhibit "4"**.

22.

On September 13, 2011, Mr. Berryman filed a Ch. 7 voluntary petition for bankruptcy in the United States Bankruptcy Court for the Eastern District of Tennessee, Case No.1:11-bk-15066 (the "Bankruptcy Case").

23.

On January 6, 2012, the Bankruptcy Case was converted to a Ch. 13. Bankruptcy.

24.

The court confirmed the Ch. 13 Plan in the Bankruptcy on February 17, 2012.

25.

According to the terms of the confirmed plan, the debt secured by the Security Deed was to be paid as a general unsecured claim due an unperfected Security Deed. A true and correct copy of the Ch. 13 Plan which is attached as **Exhibit "5"**, p. 3.

26.

However, the Security Deed was perfected and recorded in the deed records for Catoosa County, Georgia.

27.

Citi filed its Proof of Claim related to the Security Deed on May 13, 2012 as Claim 4[1] in the amount of $38,401.26 ("Proof of Claim"). A true and correct copy of the Proof of Claim documents are attached as **Exhibit "6"**.

28.

After confirmation, Mr. Berryman filed an objection to the Proof of Claim citing an error in the legal description and requesting reclassification of Citi's secured claim into a general unsecured claim and an Order requiring the release of the lien against the Property upon completion of the Chapter 13 plan. A true and correct copy of the Objection to Proof of Claim is attached as **Exhibit "7"**.

29.

In its response, Citi cited to the perfection of the Security Deed upon the records of Catoosa County on June 27, 2003 at Deed Book 1002, Page 590, Catoosa County, Georgia records and argued that Mr. Berryman would be required to file an adversary proceeding in order to strip the lien from the Property. A true and correct copy of the Response to Objection is attached as **Exhibit "8"**.

---

[1] Claim #4 was filed on 05/03/2012 as Claim 4-1 and amended on 10/03/2012, Claim 4-2, to include the last page of the Security Deed missing from the original filing.

30.

Subsequently, a hearing was held and Mr. Berryman withdrew his objection to Claim 4.

31.

On October 4, 2012, the bankruptcy court ordered that the objection to Claim 4 was denied as withdrawn without prejudice to Mr. Berryman's right to file a complaint to avoid the creditor's security interest. A true and correct copy of the Order Denying Objection is attached as **Exhibit "9"**.

32.

On February 13, 2014 Citi assigned the Security Deed to FNMA via Assignment recorded February 21, 2014 in Deed Book 1716, Page 139, Catoosa County, Georgia records ("FNMA Assignment"). A true and correct copy of the FNMA Assignment, which has been redacted to remove privacy protected information, is attached as **Exhibit "10"**.

33.

On March 22, 2017, the bankruptcy court entered an Order granting the Debtor a discharge.

34.

In the Final Report and Account ("Final Report"), the Chapter 13 Trustee declared that Mr. Berryman paid $34,561.13 of the $38,401.26 due on the allowed claim. A true and correct copy of the Final Report is attached as **Exhibit "11"**.

35.

Mr. Berryman did not pay the full $38,401.26 balance of the allowed claim.

36.

On July 11, 2017, the Bankruptcy was closed.

37.

After closure of the Bankruptcy, Mr. Berryman's attorney informed Plaintiff's predecessor in interest that it could not foreclose because the lien had been discharged in the Bankruptcy and cannot be enforced.

38.

On April 18, 2019, FNMA assigned the Security Deed to U.S. Bank via Assignment recorded May 6, 2019 in Deed Book 1985, Page 710, Catoosa County, Georgia records ("U.S. Bank Assignment"). A true and correct copy of the U.S. Bank Assignment, which has been redacted to remove privacy protected information, is attached as **Exhibit "12"**.

## COUNT I: DECLARATORY JUDGMENT

39.

U.S. Bank incorporates herein Paragraphs 1 through 38 of its Complaint.

40.

This claim is an action for Declaratory Judgment pursuant to 28 U.S.C. § 2201(a).

41.

U.S. Bank is uncertain and insecure with respect to its status, rights, and legal relations and therefore requests declaratory relief and other relief from the Court Pursuant to 28 U.S.C. § 2201.

42.

An actual controversy exists between the parties in this case.

43.

Absent a declaration from this Court, U.S. Bank is vulnerable to a coercive action asserting a federal claim that U.S. Bank is in contempt for violation of the discharge issued to Mr. Berryman under 11 U.S.C. § 1328(a).

44.

It is necessary and property that the rights and status amongst the Parties be declared with respect to the Security Deed and the Parties' interests in the Property.

45.

During the bankruptcy proceeding, Mr. Berryman paid the debt evidenced by the security deed as a general unsecured claim. However, he did not satisfy the lien.

46.

Due to his discharge, he is no longer personally liable for the debt, but the lien survives the discharge and remains against the property.

47.

U.S. Bank seeks a declaration and order from this Court that the lien encumbering the Property and evidenced by the recorded Security Deed, is a valid, enforceable lien, still attached to the Property even after the discharge of Mr. Berryman's personal liability for the debt.

48.

U.S. Bank further seeks a declaration that the Security Deed is valid and perfected against the Property in its current state because it contains the proper street address within its legal description.

49.

Such declaration will not adversely affect any of the Parties, since the Parties intended that the legal description for the Property be the same as described above in Paragraph 1 of Plaintiff's Complaint.

50.

U.S. Bank further prays that the Court order and declare that once the relief sought is granted, that U.S. Bank may proceed without delay in its exercise of its nonjudicial foreclosure remedies as granted in the Security Deed.

## **COUNT II: REFORMATION**

51.

U.S. Bank incorporates herein Paragraphs 1 through 50 of its Complaint.

52.

Pursuant to O.C.G.A. § 23-2-25, courts may reform deeds so that they conform to the intention of the parties.

53.

U.S. Bank seeks to reform the Security Deed to the extent necessary to correct the legal description of the Property.

54.

The Security Deed contains an error in that the Transfer of Rights in Property section fails to incorporate the legal description attached as Exhibit A to the Security Deed and mistakenly describes an unrelated property located in Walker County, Georgia as the Property to be conveyed.

55.

The loan documents executed by Mr. Berryman clearly reflect that the intended Property was the Property with the current address of 55 Hargraves Avenue, Rossville, Georgia 30741. Exhibit 2, p. 1; Exhibit 3, pp. 591-592, 602. A true and correct copy of the HUD-1 Statement, which has been redacted to remove privacy protected information, is attached as **Exhibit "13"**.

56.

The inclusion of a legal description of a separate property in Walker County within the Transfer of Rights in the Property section rather than a reference to the legal description that is attached as Exhibit A to the Security Deed was a mutual mistake overlooked by both parties.

57.

The Parties intended that the Security Deed encumber the Property described in Paragraph 1 above, as evidenced by the identification of the correct Property address, as the property to be secured, directly below the unrelated description of the Walker County property in the Transfer of Rights in the Property section of the Security Deed. Exhibit 2, pp. 591-592.

58.

This intent is also shown by Exhibit A to the Security Deed, which contains the correct legal description, and was recorded as a part of, and in connection, with the Security Deed. Exhibit 2, pp. 602.

59.

The mutual intentions of the Parties are also evidenced by the inclusion of the Property address of 55 Hargraves Avenue, Rossville, Georgia 30741 in each of the loan documents executed by Mr. Berryman. Exhibit 2, p. 1; Exhibit 3, pp. 591-592, 602; Exhibit 13.

60.

The Security Deed should be reformed to reflect the true intentions of the Parties by replacing the legal description contained therein with the intended

reference to the correct description incorporated by attachment of Exhibit A to the Security Deed.

## **PRAYER FOR RELIEF**

61.

WHEREFORE, U.S. Bank prays for the following relief:

a) That this Court reform the Security Deed recorded in Deed Book 1002, Page 590, Catoosa County, Georgia records by deleting the legal description contained in the Transfer of Rights in Property section and in lieu thereof, replacing it with the reference and incorporation of the correct legal description attached as Exhibit A to said Security Deed;

b) That this Court declare that the Security Deed encumbering the Property, recorded on June 27, 2003, in Deed Book 1002, Page 0590, Catoosa County, Georgia records, is a valid, enforceable, first priority secured interest in its current state, and grants U.S. Bank nonjudicial foreclosure remedies;

c) That any order granting the aforesaid relief be cross-referenced on its face to the aforesaid Security Deed, and that the Court permit U.S. Bank to record a certified copy of said order upon the county real estate records, to establish as a matter of law that the relief sought herein is granted; and

d) That this Court award any such other and further relief as it deems just and proper.

Respectfully submitted, this 9th day of July 2019.

> */s/ Bret J. Chaness*
> BRET J. CHANESS (GA Bar # 720572)
> KEARSTIN H. SALE (GA Bar # 650510)
> **Rubin Lublin, LLC**
> 3145 Avalon Ridge Place, Suite 100
> Peachtree Corners, GA 30071
> (678) 281-2730 (Telephone)
> (404) 921-9016 (Facsimile)
> bchaness@rubinlublin.com
>
> *Attorneys for U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust.*

- 17 -