IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF11 MASTER PARTICIPATION TRUST,<br><br>     Plaintiff,<br><br>v.<br><br>RONALD BERRYMAN,<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.:<br>4:19-cv-00147-SCJ |

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW RONALD BERRYMAN (hereinafter referenced as "Defendant"), by and through his undersigned counsel, and herein answers U.S. Bank Trust, N.A.'s (hereinafter referenced as "Plaintiff") complaint for declaratory judgment filed in the above-styled matter on July 9, 2019.  Defendant's answers said complaint as follows:

**ANSWER**

1.

Defendant admits the allegations contained within paragraph 1 of Plaintiff's complaint.

2.

Defendant denies the allegations contained within paragraph 2 of Plaintiff's complaint. Plaintiff's complaint is, in essence, a collateral appeal from the bankruptcy discharge Order entered by the United States Bankruptcy Court for the Eastern District of Tennessee, Chattanooga Division, on March 22, 2017.  *See In Re Berryman*, Bankr No. 1:11-bk-15066-SDR, Discharge Order, Docket No. 90 (E.D.Tn. 2017) (Rucker, J.).  As such, this Court should not interpret this an action brought pursuant to 28 U.S.C. § 2201.

3.

Defendant denies the allegations contained within paragraph 3 of Plaintiff's complaint. Plaintiff's complaint is, in essence, a collateral appeal from the bankruptcy discharge Order entered by the United States Bankruptcy Court for the Eastern District of Tennessee, Chattanooga Division, on March 22, 2017.  *See In Re Berryman*, Bankr No. 1:11-bk-15066-SDR, Discharge Order, Docket No. 90 (E.D.Tn. 2017) (Rucker, J.).  Therefore, Plaintiff's invocation of jurisdiction is improper before this Court.  Plaintiff does consent jurisdiction may be proper before the United States Bankruptcy Court for the Eastern District of Tennessee, Chattanooga Division.

4.

Defendant denies the allegations contained within paragraph 4 of Plaintiff's complaint. Plaintiff's complaint is, in essence, a collateral appeal from the bankruptcy discharge Order entered by the United States Bankruptcy Court for the Eastern District of Tennessee, Chattanooga Division, on March 22, 2017.  *See In Re Berryman*, Bankr No. 1:11-bk-15066-SDR, Discharge Order, Docket No. 90 (E.D.Tn. 2017) (Rucker, J.).   This matter proposes a question of the effect of the aforementioned discharge Order and jurisdiction may be proper before the United States Bankruptcy Court for the Eastern District of Tennessee, Chattanooga Division.

5.

Defendant denies the allegations contained within paragraph 5 of Plaintiff's complaint. Plaintiff's complaint is, in essence, a collateral appeal from the bankruptcy discharge Order entered by the United States Bankruptcy Court for the Eastern District of Tennessee, Chattanooga Division, on March 22, 2017.  *See In Re Berryman*, Bankr No. 1:11-bk-15066-

SDR, Discharge Order, Docket No. 90 (E.D.Tn. 2017) (Rucker, J.). This matter proposes a question of the effect of the aforementioned discharge Order and jurisdiction may be proper before the United States Bankruptcy Court for the Eastern District of Tennessee, Chattanooga Division.

6.

Defendant denies the allegations contained within paragraph 6 of Plaintiff's complaint. Defendant alleges Plaintiff seeks to reform the Security Deed to bypass the injunctive relief Defendant was afforded in the United States Bankruptcy Court for the Eastern District of Tennessee, Chattanooga Division.

7.

Defendant admits the allegations contained within paragraph 7 of Plaintiff's complaint.

8.

Defendant admits the allegations contained within paragraph 8 of Plaintiff's complaint.

9.

Defendant denies the allegations contained within paragraph 9 of Plaintiff's complaint. Plaintiff's complaint is, in essence, a collateral appeal from the bankruptcy discharge Order entered by the United States Bankruptcy Court for the Eastern District of Tennessee, Chattanooga Division, on March 22, 2017. *See In Re Berryman*, Bankr No. 1:11-bk-15066-SDR, Discharge Order, Docket No. 90 (E.D.Tn. 2017) (Rucker, J.).

10.

Defendant denies the allegations contained within paragraph 10 of Plaintiff's complaint. Plaintiff's complaint is, in essence, a collateral appeal from the bankruptcy discharge Order entered by the United States Bankruptcy Court for the Eastern District of Tennessee,

Chattanooga Division, on March 22, 2017. *See In Re Berryman*, Bankr No. 1:11-bk-15066-SDR, Discharge Order, Docket No. 90 (E.D.Tn. 2017) (Rucker, J.).

However, Defendant does admit he resides at 55 Hargrave Avenue, Rossville, Georgia. Defendant is subject to service of papers and thing in matters appearing before this Court upon his undersigned counsel of record, to wit: The Law Office of W. Jeremy Salter, PO Box 609, Rome, GA 30162.

11.

Defendant denies the allegations contained within paragraph 11 of Plaintiff's complaint. Plaintiff's complaint is, in essence, a collateral appeal from the bankruptcy discharge Order entered by the United States Bankruptcy Court for the Eastern District of Tennessee, Chattanooga Division, on March 22, 2017. *See In Re Berryman*, Bankr No. 1:11-bk-15066-SDR, Discharge Order, Docket No. 90 (E.D.Tn. 2017) (Rucker, J.). As such, regardless of Defendant's residence, venue is proper before the United States Bankruptcy Court for the Eastern District of Tennessee, Chattanooga Division.

12.

Defendant admits the allegations contained within paragraph 12 of Plaintiff's complaint.

13.

Defendant admits the allegations contained within paragraph 13 of Plaintiff's complaint.

14.

Defendant admits the allegations contained within paragraph 14 of Plaintiff's complaint.

15.

Defendant admits the allegations contained within paragraph 15 of Plaintiff's complaint.

16.

Defendant admits the allegations contained within paragraph 16 of Plaintiff's complaint.

17.

Defendant admits the allegations contained within paragraph 17 of Plaintiff's complaint.

18.

Defendant admits the allegations contained within paragraph 18 of Plaintiff's complaint.

19.

Defendant denies the allegations contained within paragraph 19 of Plaintiff's complaint. Defendant did not have any "active" role in preparing real estate documents.

20.

Defendant denies the allegations contained within paragraph 20 of Plaintiff's complaint. Defendant did not draft the referenced document and cannot speak to its intention.

21.

Defendant admits the allegations contained within paragraph 21 of Plaintiff's complaint.

22.

Defendant admits the allegations contained within paragraph 22 of Plaintiff's complaint.

23.

Defendant admits the allegations contained within paragraph 23 of Plaintiff's complaint. Of particular importance, Bankruptcy action 1:11-bk-15066 was converted to Chapter 13 because the appointed Chapter 7 Trustee determined Defendant's real estate was not properly secured and was subject to liquidation without satisfying the purported lien.

24.

Defendant admits the allegations contained within paragraph 24 of Plaintiff's complaint.

25.

Defendant admits the allegations contained within paragraph 25 of Plaintiff's complaint.

26.

Defendant denies the allegations contained within paragraph 26 of Plaintiff's complaint. The appointed Chapter 7 Trustee determined the security deed was not perfected and the real property was subject to liquidation without satisfying Plaintiff's lien.

27.

Defendant admits the allegations contained within paragraph 27 of Plaintiff's complaint.

28.

Defendant admits the allegations contained within paragraph 28 of Plaintiff's complaint.

29.

Defendant admits the allegations contained within paragraph 29 of Plaintiff's complaint.

30.

Defendant admits the allegations contained within paragraph 30 of Plaintiff's complaint.

31.

Defendant admits the allegations contained within paragraph 31 of Plaintiff's complaint.

32.

Defendant admits the allegations contained within paragraph 32 of Plaintiff's complaint.

33.

Defendant admits the allegations contained within paragraph 33 of Plaintiff's complaint.

34.

Defendant admits the allegations contained within paragraph 34 of Plaintiff's complaint.

35.

Defendant denies the allegations contained within paragraph 35 of Plaintiff's complaint. While Defendant admits he did not "pay" Plaintiff's predecessor $38,401.26, Defendant asserts any amounts not funded in Defendant's Chapter 13 were "resolved" via the Bankruptcy Court's discharge order.  *See In Re Berryman*, Bankr No. 1:11-bk-15066-SDR, Discharge Order, Docket No. 90 (E.D.Tn. 2017) (Rucker, J.).

36.

Defendant admits the allegations contained within paragraph 36 of Plaintiff's complaint.

37.

Defendant admits the allegations contained within paragraph 37 of Plaintiff's complaint.

38.

Defendant admits the allegations contained within paragraph 38 of Plaintiff's complaint.

39.

Defendant denies the allegations contained within paragraph 39 of Plaintiff's complaint for all of the reasons set forth above.

40.

Defendant denies the allegations contained within paragraph 40 of Plaintiff's complaint. Plaintiff's complaint is, in essence, a collateral appeal from the bankruptcy discharge Order entered by the United States Bankruptcy Court for the Eastern District of Tennessee, Chattanooga Division, on March 22, 2017.  *See In Re Berryman*, Bankr No. 1:11-bk-15066-SDR, Discharge Order, Docket No. 90 (E.D.Tn. 2017) (Rucker, J.).

41.

Defendant denies the allegations contained within paragraph 41 of Plaintiff's complaint. Plaintiff's complaint is, in essence, a collateral appeal from the bankruptcy discharge Order entered by the United States Bankruptcy Court for the Eastern District of Tennessee, Chattanooga Division, on March 22, 2017.  *See In Re Berryman*, Bankr No. 1:11-bk-15066-SDR, Discharge Order, Docket No. 90 (E.D.Tn. 2017) (Rucker, J.).  Defendant responds the relief requested is an interpretation of the effect of a discharge injunction subsequent to complete performance in a confirmed Chapter 13 Plan in the United States Bankruptcy Courts for the Eastern District of Tennessee, Chattanooga Division, and/or the several Bankruptcy Courts, District and Appellate Court found within jurisdiction of the Sixth Circuit Court of Appeals.

42.

Defendant denies the allegations contained within paragraph 42 of Plaintiff's complaint. Plaintiff's complaint is, in essence, a collateral appeal from the bankruptcy discharge Order entered by the United States Bankruptcy Court for the Eastern District of Tennessee, Chattanooga Division, on March 22, 2017.  *See In Re Berryman*, Bankr No. 1:11-bk-15066-SDR, Discharge Order, Docket No. 90 (E.D.Tn. 2017) (Rucker, J.).  Defendant responds the "actual controversy….[which]…exists" is an interpretation of the effect of a discharge injunction subsequent to complete performance in a confirmed Chapter 13 Plan in the United States Bankruptcy Courts for the Eastern District of Tennessee, Chattanooga Division, and/or the several Bankruptcy Courts, District and Appellate Court found within jurisdiction of the Sixth Circuit Court of Appeals.

43.

Defendant denies the allegations contained within paragraph 43 of Plaintiff's complaint. Plaintiff's complaint is, in essence, a collateral appeal from the bankruptcy discharge Order entered by the United States Bankruptcy Court for the Eastern District of Tennessee, Chattanooga Division, on March 22, 2017.  *See In Re Berryman*, Bankr No. 1:11-bk-15066-SDR, Discharge Order, Docket No. 90 (E.D.Tn. 2017) (Rucker, J.).  Therefore, Plaintiff request for interpretation is better requested from the United States Bankruptcy Court for the Eastern District of Tennessee, Chattanooga Division, to avoid an action for contempt for violations of 11 U.S.C. § 1328(a).

44.

Defendant denies the allegations contained within paragraph 44 of Plaintiff's complaint. Plaintiff's complaint is, in essence, a collateral appeal from the bankruptcy discharge Order entered by the United States Bankruptcy Court for the Eastern District of Tennessee, Chattanooga Division, on March 22, 2017.  *See In Re Berryman*, Bankr No. 1:11-bk-15066-SDR, Discharge Order, Docket No. 90 (E.D.Tn. 2017) (Rucker, J.).  It is necessary for the aforementioned bankruptcy Court to opine on the effects of its Order.

45.

Defendant denies the allegations contained within paragraph 45 of Plaintiff's complaint. Plaintiff's complaint is, in essence, a collateral appeal from the bankruptcy discharge Order entered by the United States Bankruptcy Court for the Eastern District of Tennessee, Chattanooga Division, on March 22, 2017.  *See In Re Berryman*, Bankr No. 1:11-bk-15066-SDR, Discharge Order, Docket No. 90 (E.D.Tn. 2017) (Rucker, J.).  Defendant alleges the

completed Chapter 13 plan contemplated the invalidity of the lien in question, has a binding effect on the question of the lien's validity and estops Plaintiff's attempt to cure their defect.

46.

Defendant denies the allegations contained within paragraph 46 of Plaintiff's complaint. Plaintiff's complaint is, in essence, a collateral appeal from the bankruptcy discharge Order entered by the United States Bankruptcy Court for the Eastern District of Tennessee, Chattanooga Division, on March 22, 2017.  *See In Re Berryman*, Bankr No. 1:11-bk-15066-SDR, Discharge Order, Docket No. 90 (E.D.Tn. 2017) (Rucker, J.).  Defendant alleges the completed Chapter 13 plan contemplated the invalidity of the lien in question, has a binding effect on the question of the lien's validity and estops Plaintiff's attempt to cure their defect.

47.

Defendant denies the allegations contained within paragraph 47 of Plaintiff's complaint. Plaintiff's complaint is, in essence, a collateral appeal from the bankruptcy discharge Order entered by the United States Bankruptcy Court for the Eastern District of Tennessee, Chattanooga Division, on March 22, 2017.  *See In Re Berryman*, Bankr No. 1:11-bk-15066-SDR, Discharge Order, Docket No. 90 (E.D.Tn. 2017) (Rucker, J.).

48.

Defendant denies the allegations contained within paragraph 48 of Plaintiff's complaint. Plaintiff's complaint is, in essence, a collateral appeal from the bankruptcy discharge Order entered by the United States Bankruptcy Court for the Eastern District of Tennessee, Chattanooga Division, on March 22, 2017.  *See In Re Berryman,* Bankr No. 1:11-bk-15066-SDR, Discharge Order, Docket No. 90 (E.D.Tn. 2017) (Rucker, J.).  Defendant alleges the

completed Chapter 13 plan contemplated the invalidity of the lien in question, has a binding effect on the question of the lien's validity and estops Plaintiff's attempt to cure their defect.

49.

Defendant denies the allegations contained within paragraph 49 of Plaintiff's complaint. Plaintiff's complaint is, in essence, a collateral appeal from the bankruptcy discharge Order entered by the United States Bankruptcy Court for the Eastern District of Tennessee, Chattanooga Division, on March 22, 2017.  *See In Re Berryman*, Bankr No. 1:11-bk-15066-SDR, Discharge Order, Docket No. 90 (E.D.Tn. 2017) (Rucker, J.).  Defendant alleges the completed Chapter 13 plan contemplated the invalidity of the lien in question, has a binding effect on the question of the lien's validity and estops Plaintiff's attempt to cure their defect.

50.

Defendant denies the allegations contained within paragraph 50 of Plaintiff's complaint. Plaintiff's complaint is, in essence, a collateral appeal from the bankruptcy discharge Order entered by the United States Bankruptcy Court for the Eastern District of Tennessee, Chattanooga Division, on March 22, 2017.  *See In Re Berryman*, Bankr No. 1:11-bk-15066-SDR, Discharge Order, Docket No. 90 (E.D.Tn. 2017) (Rucker, J.).  Defendant alleges the completed Chapter 13 plan contemplated the invalidity of the lien in question, has a binding effect on the question of the lien's validity and estops Plaintiff's attempt to cure their defect.

51.

Defendant denies the allegations contained within paragraph 51 of Plaintiff's complaint for all of the reasons set forth above.

52.

Defendant denies the allegations contained within paragraph 52 of Plaintiff's complaint. Plaintiff's complaint is, in essence, a collateral appeal from the bankruptcy discharge Order entered by the United States Bankruptcy Court for the Eastern District of Tennessee, Chattanooga Division, on March 22, 2017. *See In Re Berryman*, Bankr No. 1:11-bk-15066-SDR, Discharge Order, Docket No. 90 (E.D.Tn. 2017) (Rucker, J.). Defendant alleges the completed Chapter 13 plan contemplated the invalidity of the lien in question, has a binding effect on the question of the lien's validity and estops Plaintiff's attempt to cure their defect.

53.

Defendant denies the allegations contained within paragraph 53 of Plaintiff's complaint. Plaintiff's complaint is, in essence, a collateral appeal from the bankruptcy discharge Order entered by the United States Bankruptcy Court for the Eastern District of Tennessee, Chattanooga Division, on March 22, 2017. *See In Re Berryman*, Bankr No. 1:11-bk-15066-SDR, Discharge Order, Docket No. 90 (E.D.Tn. 2017) (Rucker, J.). Defendant alleges the completed Chapter 13 plan contemplated the invalidity of the lien in question, has a binding effect on the question of the lien's validity and estops Plaintiff's attempt to cure their defect.

54.

Defendant denies the allegations contained within paragraph 54 of Plaintiff's complaint. Plaintiff's complaint is, in essence, a collateral appeal from the bankruptcy discharge Order entered by the United States Bankruptcy Court for the Eastern District of Tennessee, Chattanooga Division, on March 22, 2017. *See In Re Berryman*, Bankr No. 1:11-bk-15066-SDR, Discharge Order, Docket No. 90 (E.D.Tn. 2017) (Rucker, J.). Defendant alleges the

completed Chapter 13 plan contemplated the invalidity of the lien in question, has a binding effect on the question of the lien's validity and estops Plaintiff's attempt to cure their defect.

55.

Defendant denies the allegations contained within paragraph 55 of Plaintiff's complaint. Plaintiff's complaint is, in essence, a collateral appeal from the bankruptcy discharge Order entered by the United States Bankruptcy Court for the Eastern District of Tennessee, Chattanooga Division, on March 22, 2017. *See In Re Berryman*, Bankr No. 1:11-bk-15066-SDR, Discharge Order, Docket No. 90 (E.D.Tn. 2017) (Rucker, J.). Defendant alleges the completed Chapter 13 plan contemplated the invalidity of the lien in question, has a binding effect on the question of the lien's validity and estops Plaintiff's attempt to cure their defect.

56.

Defendant denies the allegations contained within paragraph 56 of Plaintiff's complaint. Plaintiff's complaint is, in essence, a collateral appeal from the bankruptcy discharge Order entered by the United States Bankruptcy Court for the Eastern District of Tennessee, Chattanooga Division, on March 22, 2017. *See In Re Berryman*, Bankr No. 1:11-bk-15066-SDR, Discharge Order, Docket No. 90 (E.D.Tn. 2017) (Rucker, J.). Defendant alleges the completed Chapter 13 plan contemplated the invalidity of the lien in question, has a binding effect on the question of the lien's validity and estops Plaintiff's attempt to cure their defect.

57.

Defendant denies the allegations contained within paragraph 57 of Plaintiff's complaint. Plaintiff's complaint is, in essence, a collateral appeal from the bankruptcy discharge Order entered by the United States Bankruptcy Court for the Eastern District of Tennessee, Chattanooga Division, on March 22, 2017. *See In Re Berryman*, Bankr No. 1:11-bk-15066-

SDR, Discharge Order, Docket No. 90 (E.D.Tn. 2017) (Rucker, J.). Defendant alleges the completed Chapter 13 plan contemplated the invalidity of the lien in question, has a binding effect on the question of the lien's validity and estops Plaintiff's attempt to cure their defect.

58.

Defendant denies the allegations contained within paragraph 58 of Plaintiff's complaint. Plaintiff's complaint is, in essence, a collateral appeal from the bankruptcy discharge Order entered by the United States Bankruptcy Court for the Eastern District of Tennessee, Chattanooga Division, on March 22, 2017. *See In Re Berryman*, Bankr No. 1:11-bk-15066-SDR, Discharge Order, Docket No. 90 (E.D.Tn. 2017) (Rucker, J.). Defendant alleges the completed Chapter 13 plan contemplated the invalidity of the lien in question, has a binding effect on the question of the lien's validity and estops Plaintiff's attempt to cure their defect.

59.

Defendant denies the allegations contained within paragraph 59 of Plaintiff's complaint. Plaintiff's complaint is, in essence, a collateral appeal from the bankruptcy discharge Order entered by the United States Bankruptcy Court for the Eastern District of Tennessee, Chattanooga Division, on March 22, 2017. *See In Re Berryman*, Bankr No. 1:11-bk-15066-SDR, Discharge Order, Docket No. 90 (E.D.Tn. 2017) (Rucker, J.). Defendant alleges the completed Chapter 13 plan contemplated the invalidity of the lien in question, has a binding effect on the question of the lien's validity and estops Plaintiff's attempt to cure their defect.

60.

Defendant denies the allegations contained within paragraph 60 of Plaintiff's complaint. Plaintiff's complaint is, in essence, a collateral appeal from the bankruptcy discharge Order entered by the United States Bankruptcy Court for the Eastern District of Tennessee,


Chattanooga Division, on March 22, 2017. *See In Re Berryman*, Bankr No. 1:11-bk-15066-SDR, Discharge Order, Docket No. 90 (E.D.Tn. 2017) (Rucker, J.). Defendant alleges the completed Chapter 13 plan contemplated the invalidity of the lien in question, has a binding effect on the question of the lien's validity and estops Plaintiff's attempt to cure their defect.

61.

Based upon the foregoing, Defendant denies any allegations Plaintiff's prayers for relief should be granted.

**AFFIRMATIVE DEFENSES**

62.

Defendant herein incorporates all of the foregoing paragraphs as if such paragraphs were stated herein in total.

63.

Defendant pleads the affirmative defense of **LACK OF SUBJECT MATTER JURISDICTION**, to wit: the effect of a discharge Order is "Core" proceeding as contemplated in 28 U.S.C. § 157(b)(2)(A), (B), (I), (J), (K), (L) and such be remanded and/or transferred to the Bankruptcy Court issuing the discharge Order at the heart of this controversy.

64.

Additionally, Defendant pleads the affirmative defense of **LACK OF SUBJECT MATTER JURISDICTION**, to wit: 28 U.S.C. § 1334(c)(2) states "[u]pon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent the jurisdiction under this section, the district court shall abstain from hearing such proceeding if an

action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction."  In this matter, Plaintiff can relatively quickly resolve any "Core" proceedings before the United States Bankruptcy Court and timely commence its State law action in the appropriate State forum if said Bankruptcy Court rules Plaintiff is not enjoined by its discharge injunction.

65.

Further, Defendant pleads the affirmative defense of **LACK OF SUBJECT MATTER JURISDICTION**, to wit: Plaintiff's complaint is, in essence, a collateral appeal from the bankruptcy discharge Order entered by the United States Bankruptcy Court for the Eastern District of Tennessee, Chattanooga Division, on March 22, 2017.  *See In Re Berryman*, Bankr No. 1:11-bk-15066-SDR, Discharge Order, Docket No. 90 (E.D.Tn. 2017) (Rucker, J.).  Hence, Plaintiff seeks this Court to act as a *de facto* appellate Court and this Court does not have jurisdiction to hear appeals from the Eastern District of Tennessee.

66.

Defendant pleads the affirmative defense of **IMPROPER VENUE**, to wit: Plaintiff's complaint is, in essence, a collateral appeal from the bankruptcy discharge Order entered by the United States Bankruptcy Court for the Eastern District of Tennessee, Chattanooga Division, on March 22, 2017.  *See In Re Berryman*, Bankr No. 1:11-bk-15066-SDR, Discharge Order, Docket No. 90 (E.D.Tn. 2017) (Rucker, J.).  The appropriate venue to address said Court's Order is before said Court.

67.

Defendant pleads the affirmative defense of **FAILURE TO STATE A CLAIM**, to wit: Plaintiff's complaint is, in essence, a collateral appeal from the bankruptcy discharge Order entered by the United States Bankruptcy Court for the Eastern District of Tennessee, Chattanooga Division, on March 22, 2017.  *See In Re Berryman*, Bankr No. 1:11-bk-15066-SDR, Discharge Order, Docket No. 90 (E.D.Tn. 2017) (Rucker, J.).  Plaintiff has pled they seek declaratory relief and reformation.  However, what Plaintiff actually seeks is this Court's interpretation of the aforementioned bankruptcy Court's Order.  Plaintiff has not set forth what legal basis this Court has to interpret and modify said Order.

68.

Defendant pleads the defense of **ETOPPEL/RES JUDICATA,** to wit: Plaintiff's complaint is, in essence, a collateral appeal from the bankruptcy discharge Order entered by the United States Bankruptcy Court for the Eastern District of Tennessee, Chattanooga Division, on March 22, 2017.  *See In Re Berryman*, Bankr No. 1:11-bk-15066-SDR, Discharge Order, Docket No. 90 (E.D.Tn. 2017) (Rucker, J.).  Said bankruptcy Court has Ordered a discharge of after performance under a plan which specifically stated, and for which no objection was tendered "*CitiMortgage-mortgage to be paid as a general unsecured creditor due to unperfected security deed...*"  *See In Re Berryman*, Bankr No. 1:11-bk-15066-SDR, Order Confirming Plan, Docket No. 57 (E.D.Tn. 2012) (Rucker, J.).

## CONCLUSION

Defendant having tendered his well pled answer, Defendant prays this Court read and consider the foregoing pleading and either (a) dismiss Plaintiff's complaint for want of jurisdiction and venue, (b) dismiss Plaintiff's complaint on estoppel ground or (c) Order the

matter transfer to the United States Bankruptcy Court for the Eastern District of Tennessee for further adjudication in said Court.

Respectfully Submitted this 12TH day of SEPTMEBER, 2019.

                                                         THE LAW OFFICE OF W. JEREMY SALTER
                                                       ATTORNEY FOR DEFENDANT

                                                       */S/ W. Jeremy Salter*
                                                       W. Jeremy Salter
                                                       Ga. Bar No.: 303979

The Office of W. Jeremy Salter
P.O. Box 609
Rome, GA 30162
Tel:   706-295-1300
Fax:   706-295-0238
jeremy@jsalterlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this day a copy of the foregoing along with referenced attachments were filed with Clerk of Court using the CM/ECF system which will automatically send e-mail notification to all participating parties in the above-styled action.  Additionally, service upon interested parties is being perfected via e-mail notification as follows:

| Bret Jacob Chaness, Esq. | Kearstin Harumi Sale |
| bchaness@rubinlublin.com | ksale@rubinlublin.com |

Respectfully Submitted this 12TH day of SEPTEMBER, 2019.

                                                       THE LAW OFFICE OF W. JEREMY SALTER
                                                       ATTORNEY FOR DEBTOR(S)

                                                       */S/ W. Jeremy Salter*
                                                       W. Jeremy Salter
                                                       Ga. Bar No.: 303979

The Office of W. Jeremy Salter
P.O. Box 609
Rome, GA 30162
Tel:   706-295-1300
Fax:   706-295-0238
jeremy@jsalterlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF11 MASTER PARTICIPATION TRUST, | Civil Action No.: 4:19-cv-00147-SCJ |
| Plaintiff, | |
| v. | |
| RONALD BERRYMAN, | |
| Defendant. | |

## VERIFICATION

COMES NOW RONALD BERRYMAN, being of sound mind, free of duress or undue influence and capable of making sworn testimony, and after reviewing the statements and allegations prepared for me I herein swear and affirm all of the statements and allegations within my answer and affirmative defenses to Plaintiff's complaint for declaratory judgment are true and correct to the best of knowledge and belief.

So Sworn this 12th day of September, 2019.

_____
RONALD BERRYMAN
AFFIANT

So Sworn and Subcribed Before Me
This 12th day of September, 2019.

_____
NOTARY PUBLIC

[Notary seal: Susan M Cannon, Notary Public, Whitfield County, Georgia, My Commission Expires September 29, 2021]