**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | |
|---|---|
| **U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF11 MASTER PARTICIPATION TRUST,** | |
| **Plaintiff,** | |
| **v.** | **CIVIL ACTION FILE No. 4:19-cv-00147-SCJ** |
| **RONALD BERRYMAN,** | |
| **Defendant.** | |

## ORDER

On July 9, 2019, Plaintiff U.S. Bank Trust, N.A. ("Plaintiff" or "U.S. Bank"), as Trustee for LSF11 Master Participation Trust, filed a Complaint for Declaratory Judgment against Defendant Ronald Berryman ("Defendant"). Doc. No. [1].[1] In the Complaint, Plaintiff seeks, *inter alia,* a declaration that it holds a valid and enforceable lien against Defendant's property, located at 55 Hargraves Avenue, Rossville, Catoosa County, Georgia 30741 (the "Property").

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

Id. Currently before the Court is Defendant's Motion to Transfer Venue or, in the alternative, to Dismiss. Doc. No. [8]. For the following reasons, Defendant's motion is due to be **DENIED**.

## I. BACKGROUND

### A. Facts

According to the Complaint,[2] on June 27, 2003, Sheila Fay Killingsworth conveyed the Property to Defendant via Warranty Deed recorded on June 27, 2003 in Deed Book 1002, Page 589, Catoosa County, Georgia records. Doc. No. [1], ¶ 12. In order to finance his purchase of the Property, on June 25, 2003, Defendant executed a Note in favor of Hometown Mortgage Services, Inc. ("Hometown"), evidencing a Loan in the original principal amount of Forty-Four Thousand Dollars and 00/100 ($44,000.00). Id. ¶ 13. The Note executed by Defendant identifies the Property address at 55 Hargraves Avenue, Rossville, Georgia 30741. Id. ¶ 14.

As part of the same transaction, Defendant also executed and delivered a Security Deed in favor of Mortgage Electronic Registration Systems, Inc.

---

[2] At the motion-to-dismiss stage, the facts are drawn from the Complaint, accepting all the well-pleaded facts as true and viewing them in the light most favorable to Plaintiff. See Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1057 (11th Cir. 2007).

("MERs"), solely as nominee for Hometown, which was recorded June 27, 2003 in Deed Book 1002, Page 590, Catoosa County, Georgia records. Id. ¶ 15. The Security Deed defines "Property" as the property described under the Security Deed's heading "Transfer of Rights in the Property." Id. ¶ 16. The Transfer of Rights in Property section identifies the property to be secured as the property with the current address of 55 Hargraves Avenue, Rossville, Georgia 30741. Id. ¶ 17. The full legal description for the property with the current address of 55 Hargraves Avenue, Rossville, Georgia 30741 is attached as Exhibit A to the Security Deed. Id. ¶ 18. However, by mutual mistake, the Transfer of Rights in Property section of the Security Deed fails to reference Exhibit A to the Security Deed as intended and instead lists an incorrect legal description for an unrelated property in Walker County, Georgia as the property with the current address of 55 Hargraves Avenue, Rossville, Georgia 30741. Id. ¶ 19. The Transfer of Rights in Property section was intended to reference and incorporate the legal description attached as Exhibit A to the Security Deed. Id. ¶ 20.

By assignment recorded on October 7, 2011, MERs assigned the Security Deed to CitiMortgage, Inc. ("Citi"). Id. ¶ 21.

On September 13, 2011, Defendant filed a Chapter 7 voluntary petition for bankruptcy in the United States Bankruptcy Court for the Eastern District of Tennessee. Id. ¶ 22; In Re Berryman, Bankr No. 1:11-bk-15066-SDR (E.D. Tn.). On January 6, 2012, Defendant converted his bankruptcy petition into one under Chapter 13. Id. ¶ 23. The bankruptcy court confirmed Defendant's Chapter 13 bankruptcy plan on February 17, 2012. Id. ¶ 24. According to the terms of the confirmed plan, the debt secured by the Security Deed was to be paid as a general unsecured claim due an unperfected Security Deed. Id. ¶ 25. However, the Security Deed was perfected and recorded in the deed records for Catoosa County, Georgia. Id. ¶ 26.

Citi filed its Proof of Claim related to the Security Deed on May 13, 2012. Id. ¶ 27. After confirmation, Defendant filed an objection to the Proof of Claim, citing an error in the legal description and requesting reclassification of Citi's secured claim into a general unsecured claim and an order requiring the release of the lien against the Property upon completion of the Chapter 13 plan. Id. ¶ 28. In response, Citi cited to the perfection of the Security Deed upon the records of Catoosa County on June 27, 2003 at Deed Book 1002, Page 590, Catoosa County, Georgia records and argued that Defendant would be required to file an adversary proceeding in order to strip the lien from the Property. Id. ¶ 29.

Subsequently, a hearing was held and Defendant withdrew his objection. Id. ¶ 30. On October 4, 2012, the bankruptcy court ordered that the objection was denied as withdrawn without prejudice to Defendant's right to file a complaint to avoid the creditor's security interest. Id. ¶ 31.

On February 13, 2014, Citi assigned the Security Deed to FNMA via assignment recorded on February 21, 2014. Id. ¶ 32.

On March 22, 2017, the bankruptcy court entered an order granting Defendant a discharge. Id. ¶ 33. The bankruptcy was subsequently closed on July 11, 2017. Id. ¶ 36. Thereafter, Defendant's attorney informed Plaintiff's predecessor in interest that it could not foreclose on the Property because the lien had been discharged in the bankruptcy and thus could not be enforced. Id. ¶ 37.

On April 18, 2019, FNMA assigned the Security Deed to Plaintiff via assignment recorded May 6, 2019. Id. ¶ 38.

**B.** **Motion to Transfer Venue or, in the alternative, to Dismiss**

Plaintiff filed this action against Defendant on July 9, 2019. Doc. No. [1]. Pursuant to 22 U.S.C. § 2201, Plaintiff first seeks a declaration and order from this Court that the lien encumbering the Property and evidenced by the recorded Security Deed is a valid, enforceable lien, even after the discharge of

5

Defendant's personal liability for the debt. <u>Id.</u> ¶ 47. Plaintiff states that federal question jurisdiction is proper because, absent a declaration from this Court, it is vulnerable to a coercive action asserting a federal claim that it is in contempt for violation of bankruptcy discharge under 11 U.S.C. § 524. <u>Id.</u> ¶ 43.

Additionally, pursuant to O.C.G.A. § 23-2-25, Plaintiff seeks to reform the Security Deed to the extent necessary to correct the legal description of the Property. <u>Id.</u> ¶ 53. Plaintiff states that the Court has supplemental jurisdiction over this state law reformation claim under 28 U.S.C. § 1367(a). <u>Id.</u> ¶ 5.

On September 16, 2019, Defendant filed a Motion to Transfer Venue or, in the alternative, to Dismiss. Doc. No. [8]. Specifically, Defendant asserts that the United States Bankruptcy Court for the Eastern District of Tennessee, Chattanooga Division, has appropriate subject matter jurisdiction over this controversy, as the dispute stems from said bankruptcy court's final orders. Doc. No. [8-1], p. 3. Defendant further argues that Plaintiff's action impermissibly seeks this Court to exercise appellate review over the bankruptcy court's final orders. <u>Id.</u> at p. 5. Finally, Defendant contends that the bankruptcy court's orders are final orders which have a preclusive, *res judicta* effect. <u>Id.</u> at p. 6.

Plaintiff subsequently filed a response in opposition to Defendant's motion, to which Defendant did not file a reply. Doc. No. [10]. Accordingly, this matter is now ripe for review, and the Court rules as follows.

## II.   DISCUSSION

### A.   Jurisdiction

Defendant first argues that the United States Bankruptcy Court for the Eastern District of Tennessee, Chattanooga Division, has appropriate[3] subject matter jurisdiction over this matter, as the dispute stems from said bankruptcy court's final discharge order entered without objection from either party in interest. See Doc. No. [8-1], p. 3.

In response, Plaintiff admits that the determination of this matter does involve an interpretation of bankruptcy law. See Doc. No. [10], p. 3. However, Plaintiff disputes the notion that the claims here "arise in" or "relate to" a case under Title 11 such that the bankruptcy court has subject matter jurisdiction over this action. Id. Rather, Plaintiff states that it is seeking a declaration of its

_____

[3] Defendant concedes "the explicit [28 U.S.C.] § 1334 grant of original jurisdiction over Title 11 cases clearly forecloses a conclusion" that this Court lacks subject matter jurisdiction. Doc. No. [8-1], p. 3 n.1 (citing Justice Cometh, LTD v. Lambert, 426 F.3d 1342, 1343 (11th Cir. 2005)).

rights under the Security Deed, which does not involve a claim under Title 11. Id. Plaintiff further maintains that it was not obligated to object to the Chapter 13 bankruptcy plan because the plan does not determine lien validity. Id. at p. 4. Rather, Plaintiff argues that the determination of the validity, priority, or extent of a lien or other interest in property must be brought as an adversary proceeding. Id. at p. 5 (citing In re Fisher Island Investments, Inc., 778 F.3d 1172, 1194 (11th Cir. 2015)). Accordingly, Plaintiff states that this Court—not the bankruptcy court—is of appropriate jurisdiction.

Under 28 U.S.C. § 1334, district courts have "original but not exclusive jurisdiction" of three categories of civil proceedings: (1) those "arising under title 11," which is the portion of the U.S. code devoted to bankruptcy; (2) those "arising in . . . cases under title 11"; and (3) those "related to cases under title 11." In re Kachkar, 769 F. App'x 673, 679 (11th Cir. Apr. 11, 2019); see also 28 U.S.C. § 1334(b). A district court *may* refer these matters to the bankruptcy court, which exercises jurisdiction "derivative of and dependent upon" the district court's jurisdiction. In re Toledo, 170 F.3d 1340, 1344 (11th Cir. 1999); see also 28 U.S.C. § 157(a). Additionally, a bankruptcy court "plainly ha[s] jurisdiction to interpret and enforce its own prior orders." Travelers Indem. Co. v. Bailey, 557 U.S. 137, 151 (2009).

Upon review, the Court agrees with Plaintiff. While this matter may involve an interpretation of bankruptcy law, the central dispute appears to whether, post-bankruptcy, Plaintiff holds a valid and enforceable lien against the Property. Additionally, as Plaintiff correctly points out, the determination of the validity of a lien "must be brought as an adversary proceeding." In re Fisher Island Investments, Inc., 778 F.3d at 1194; see also Fed. R. Bankr. P. 7001(2). Defendant has admitted that he did not file an adversary as to this matter; nor do the bankruptcy court's final orders determine or discuss the status of the lien. See Doc. No. [8-1], p. 4.

Accordingly, the Court is of appropriate subject matter jurisdiction. Defendant's arguments to the contrary are overruled.

**B.     Appellate Review**

Defendant also argues that Plaintiff's action is more akin to an appeal from a final order then an action seeking declaratory judgment. See Doc. No. [8-1], p. 5. He thus urges the Court to disallow this "collateral attack" of the bankruptcy court's final orders. Id. This Court, however, disagrees. Plaintiff does not appear to be challenging or appealing any of the bankruptcy court's prior orders. As stated above, the bankruptcy court's orders made no mention of or determination on the status or validity of the lien. Rather, Plaintiff appears

to be challenging Defendant's interpretation of the effect of said orders. More specifically, Plaintiff seeks "a declaration of its rights under the recorded Security Deed due to the threat that its action to enforce its interest would violate the discharge order according to Defendants." Doc. No. [10], pp. 4–5. Such determination is appropriate under 28 U.S.C. § 2201(a), as it allows Plaintiff to precipitate this action rather than waiting for Defendant to bring a coercive action. See Gulf States Paper Corp. v. Ingram, 811 F.2d 1464, 1467 (11th Cir. 1987).

Accordingly, the Court rejects Defendant's argument that Plaintiff's action is a "collateral attack" of the bankruptcy court's final orders. Rather, this case was properly filed as a declaratory judgment action.

## C. *Res Judicata*

Defendant finally asserts that Plaintiff's action is barred by *res judicata*. "*Res judicata* bars the filing of claims which were raised or could have been raised in an earlier proceeding." Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999). "In the Eleventh Circuit, a party seeking to invoke the doctrine must establish its propriety by satisfying four initial elements: (1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must

10

involve the same parties or their privies; and (4) both cases must involve the same causes of action." <u>In re Piper Aircraft Corp.</u>, 244 F.3d 1289, 1296 (11th Cir. 2001). As discussed above, however, there has been no "final adjudication" on the merits of this issue because Defendant failed to file an adversary proceeding. Moreover, none of the bankruptcy orders discuss or determine the status of Plaintiff's secured lien.

Accordingly, as one of the elements of *res judicata* has not been satisfied, Defendant's argument to this regard is overruled.

## III.   CONCLUSION

For the reasons discussed above, Defendant's Motion to Transfer Venue or, in the alternative, to Dismiss is **DENIED** in its entirety. Doc. No. [8]. The parties hereby are **ORDERED** to file their proposed Joint Preliminary Report **within fourteen (14) days of the entry of this Order.**

**IT IS SO ORDERED** this 8th day of April, 2020.

s/Steve C. Jones
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**

11