**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | |
|---|---|
| U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF11 MASTER PARTICIPATION TRUST,<br><br>    Plaintiff,<br><br>v.<br><br>RONALD BERRYMAN,<br><br>    Defendant. | Case No. 4:19-cv-00147-SCJ |

**STATEMENT OF MATERIAL FACTS TO WHICH NO GENUINE ISSUE
EXISTS TO BE TRIED IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

COMES NOW, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust ("U.S. Bank"), Plaintiff in the above-styled action, pursuant to Northern District Local Rule 56.1(B), and respectfully submits the follow statement of undisputed material facts as to which there are no genuine issues to be tried in support of its Motion for Summary Judgment:

1.   The real property at issue in this action is the property located at 55 Hargrave Avenue, Rossville, Catoosa County, Georgia 30741 (the "Property"), which is more particularly described as follows:

> All that tract or parcel of land lying and being in Original Land Lot 61, in the 9th District and 4th Section of Catoosa County, Georgia, being known and designated as the East forty-six (46) feet of Lot 38 and the West four (4) feet of Lot 39, J. F. Bennett Subdivision, of record in Plat Book M, Page 499, in the Office of the clerk of the Superior Court of Catoosa County, Georgia.

[Doc. 1] at ¶ 1 (Complaint); [Doc. 7] at ¶ 1 (Answer); Depo. of Ronald Berryman ("Berryman Depo.), 10:16-24; 11:1-4. The portions of the Berryman Depo. cited herein are collectively attached hereto as **Exhibit "A"**.

2.   On June 27, 2003, Sheila Fay Killingsworth conveyed the Property to Mr. Berryman via Warranty deed recorded on June 27, 2003 in Deed Book 1002, Page 589, Catoosa County, Georgia records (the "Warranty Deed"). [Doc. 1] at ¶ 12; [Doc. 7] at ¶ 12; Berryman Depo., 10:12-21.

3.   In order to finance his purchase of the Property, on June 25, 2003, Mr. Berryman executed a promissory note in favor of Hometown Mortgage Services, Inc. ("Hometown"), evidencing a loan in the original principal amount of Forty-Four Thousand and 00/100 Dollars ($44,000.00) (the "Note"). [Doc. 1] at ¶ 13; [Doc. 7] at ¶ 13; Berryman Depo., 11:5-22; Doc. 7, ¶ 13; Defendant's Responses to Plaintiff's First Request for Admissions ("Response to Admissions"), ¶ 2; Defendant's Responses to Plaintiff's First Continuing Interrogatories ("Response

to Interrogatories"), ¶¶ 7-9.[1] A true and correct copy of U.S. Bank's Request for Admissions is attached hereto as **Exhibit "B"** and Mr. Berryman's responses thereto are attached hereto as **Exhibit "C"**. A true and correct copy of U.S. Bank's Interrogatories are attached hereto as **Exhibit "D"** and Mr. Berryman's responses thereto are attached hereto as **Exhibit "E"**.

4. Mr. Berryman would not have been able to purchase the Property without the loan from Hometown. *See* Berryman Depo., 11:16-22.

5. The Note executed by Mr. Berryman identifies the Property address as 55 Hargraves Avenue, Rossville, Georgia 30741. [Doc. 1] at ¶ 14; [Doc. 7] at ¶ 14; Berryman Depo., 12:1-10.

6. As part of the same transaction, Mr. Berryman also executed and delivered a Security Deed (the "Security Deed") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), solely as nominee for Hometown, which was recorded June 27, 2003, in Deed Book 1002, Page 590, Catoosa County, Georgia records. [Doc. 1] at ¶ 15; [Doc. 7] at ¶ 15; Response to Admissions, ¶¶ 11-12.

---

[1] The full transcript of the Berryman Depo., Requests for Admissions and Response to Admissions, and Interrogatories and Response to Interrogatories are being filed concurrently with this Motion for Summary Judgment.

7. The Security Deed defines "Property" as the property described under the Security Deed's heading "Transfer of Rights in the Property". [Doc. 1] at ¶ 16; [Doc. 7] at ¶ 16.

8. The Transfer of Rights in Property section identifies the property to be secured as the property with the current address of 55 Hargraves Avenue, Rossville, Georgia 30741. [Doc. 1] at ¶ 17; [Doc. 7] at ¶ 17; Berryman Depo, 15:9-24.

9. The full legal description for the property with the current address of 55 Hargraves Avenue, Rossville, Georgia 30741 is attached as Exhibit A to the Security Deed. [Doc. 1] at ¶ 18; [Doc. 7] at ¶ 18; Berryman Depo., 16:8-19.

10. The Security Deed contains an error in the legal description of property set forth under the Transfer of Rights in Property section in that it mistakenly describes an unrelated property located in Walker County, Georgia, rather than referencing the property described in Exhibit A attached to the Security Deed. [Doc. 1] at ¶ 7; [Doc. 7] at ¶7.

11. Mr. Berryman admitted that it was a mistake for the unrelated Walker County property to be referenced in the Transfer of Rights in Property section of the Security Deed and that both he and the original lender, Hometown, intended for the Property to be the only real property conveyed by the Security Deed. *See*

Berryman Depo., 12:8-14, 14:1-18, 16:20-24, 17:1-3; [Doc. 1] at ¶ 7; [Doc. 7] at ¶ 7; Response to Admissions, ¶ 14.

12. On September 13, 2011, Mr. Berryman filed a Chapter 7 voluntary petition for bankruptcy in the United States Bankruptcy Court for the Eastern District of Tennessee, Case No. 1:11-bk-15066 (the "Bankruptcy Case"). [Doc. 1] at ¶ 22; [Doc. 7] at ¶ 22.

13. By Assignment recorded October 7, 2011, in Deed Book 1589, Page 685, Catoosa County, Georgia records, MERS assigned the Security Deed to CitiMortgage, Inc. ("Citi"). [Doc. 1] at ¶ 21; [Doc. 7] at ¶ 21.

14. On January 6, 2012, the Bankruptcy Case was converted to a Chapter 13 Bankruptcy, and on February 17, 2012, the Court confirmed the Chapter 13 Plan. [Doc. 1] at ¶¶ 23-24; [Doc. 7] at ¶¶ 23-24.

15. According to the terms of the confirmed Chapter 13 Plan, the debt secured by the Security Deed was to be paid as a general unsecured claim due an unperfected Security Deed. [Doc. 1] at ¶ 25; [Doc. 7] at ¶ 25. However, the Security Deed was perfected and recorded in the deed records of Catoosa County, Georgia. *See* [Doc. 1] at ¶ 15; [Doc. 7] at ¶ 15 (admitting that Security Deed was recorded on June 27, 2003).

16. Citi filed its Proof of Claim in the Bankruptcy Case related to the Security Deed on May 13, 2012 as Claim 4 in the amount of $38,401.26 ("Proof of Claim"). [Doc. 1] at ¶ 27; [Doc. 7] at ¶ 27.

17. After confirmation, Mr. Berryman filed an objection to the Proof of Claim, citing an error in the legal description and requesting reclassification of Citi's secured claim into a general unsecured claim and an Order requiring the release of the lien against the Property upon completion of the Chapter 13 plan. [Doc. 1] at ¶ 28; [Doc. 7] at ¶ 28.

18. In its response to the objection to the Proof of Claim, Citi cited to the perfection of the Security Deed upon the records of Catoosa County on June 27, 2003 at Deed Book 1002, Page 590, Catoosa County, Georgia records and argued that Mr. Berryman would be required to file an adversary proceeding in order to strip the lien from the Property. [Doc. 1] at ¶ 29; [Doc. 7] at ¶ 29.

19. After the objection to the Proof of Claim was filed, a hearing was held on said objection and Mr. Berryman withdrew his objection to Claim 4. [Doc. 1] at ¶ 30; [Doc. 7] at ¶ 30.

20. On October 4, 2012, the bankruptcy court ordered that the objection to Claim 4 was denied as withdraw without prejudice to Mr. Berryman's right to file

a complaint to avoid the creditor's security interest. [Doc. 1] at ¶ 31; [Doc. 7] at ¶ 31.

21. Mr. Berryman never filed an adversary proceeding in the Bankruptcy Case related to the Security Deed. [Doc. 8-1] at p. 4; [Doc. 15] at p. 9; Response to Admissions, ¶ 22.

22. On February 13, 2014 Citi assigned the Security Deed to Federal National Mortgage Association ("FNMA") via Assignment recorded February 21, 2014 in Deed Book 1716, Page 139, Catoosa County, Georgia records. [Doc. 1] at ¶ 32; [Doc. 7] at ¶ 32.

23. On April 18, 2019, FNMA assigned the Security Deed to U.S. Bank via Assignment recorded May 6, 2019 in Deed Book 1985, Page 710, Catoosa County, Georgia records. [Doc. 1] at ¶ 38; [Doc. 7] at ¶ 38.

24. Through the Bankruptcy Case, the bankruptcy trustee paid $34,561.13 of the $38,401.26 due on the allowed claim of Citi. [Doc. 1] at ¶ 34; [Doc. 7] at ¶ 34. Mr. Berryman has not made any further payments due under the Security Deed since the conclusion of the Bankruptcy Case. *See* Berryman Depo., 17:4-17.

25. On March 22, 2017, the bankruptcy court entered an Order granting Mr. Berryman a discharge, and the Bankruptcy Case was closed on July 11, 2017. [Doc. 1] at ¶ 33, 36; [Doc. 7] at ¶ 33, 36.

26. After closure of the Bankruptcy Case, Mr. Berryman's attorney informed U.S. Bank's predecessor that it could not foreclose because the Security Deed had been discharged in the Bankruptcy Case and cannot be enforced. [Doc. 1] at ¶ 37; [Doc. 7] at ¶ 37.

Respectfully submitted, this 27th day of August 2020.

> */s/ Bret J. Chaness*
> BRET J. CHANESS (GA Bar No. 720572)
> **RUBIN LUBLIN, LLC**
> 3145 Avalon Ridge Place, Suite 100
> Peachtree Corners, GA 30071
> (678) 281-2730 (Telephone)
> (404) 921-9016 (Facsimile)
> bchaness@rlselaw.com
>
> *Attorney for U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust*

## FONT CERTIFICATION

The undersigned counsel hereby certifies that the within and foregoing was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

This 27th day of August, 2020.

> */s/ Bret J. Chaness*
> BRET J. CHANESS (GA Bar No. 720572)

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the within and foregoing with the Clerk of Court using the CM/ECF system, which will serve notice on all parties.

This 27th day of August 2020.

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar No. 720572)
