IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF11 MASTER PARTICIPATION TRUST, | ) ) ) | Civil Action No.: 4:19-cv-00147-SCJ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RONALD BERRYMAN, | ) | |
| | ) | |
| Defendant. | ) | |

---

## DEFENDANT'S BRIEF IN SUPPORT OF HIS RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND COUNTER MOTION FOR SUMMARY JUDGMENT

COMES NOW Ronald Berryman (hereinafter referenced as "Defendant"), by and through his undersigned counsel, in compliance with applicable court rules, and herein propounds his brief in support of his response in opposition to U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust's (hereinafter referenced as "Plaintiff") motion for summary judgment and his counter motion for summary judgment.  Defendant states as follows:

### Statement of Facts

On June 23, 2003, Defendant completed the financial paperwork to acquire real property located at 55 Hargraves Avenue, Rossville, Catoosa County, GA 30741 (hereinafter referenced as "the property").  See Doc 1-6.  Unbeknownst to

Defendant, Plaintiff's predecessor erred in preparing some of the documentation related to the sale of the real property.  Id. Specifically, the legal description in the original security deed was incorrect and such error necessitates the reformation portion of the above-styled action which was filed July 9, 2019.  Id., see also Doc. 30-1, ¶ 10; Doc. 30-7, § C, pp. 9-12.  The above-styled action is being prosecuted more than sixteen (16) years after the execution of erroneous document and subsequent to Defendant's bankruptcy action and discharge.  See generally Doc. 1.

On September 13, 2011, Defendant filed for Chapter 7 bankruptcy protection.  See Doc. 30-1, ¶ 12.  During the course of Defendant's bankruptcy as a Chapter 7, the appointed Chapter 7 trustee determined the security deed recorded against the property was not perfected and would not abandon administration of the property.  Doc. 7, ¶ 26, see also Defendant's Statement of Material Fact Including Those to Which There Remains Genuine Dispute (hereinafter referenced as "DSMF") ¶ 5.  Plaintiff did not object to or oppose the Chapter 7 Trustee's determination it could liquidate the property.  See generally In re Berryman, Bankr. No.: 11-15066 (Bankr. E.D. Tn 2011).  As a result, on January 6, 2012, Defendant moved to convert his bankruptcy petition to seek Chapter 13 relief.  See Doc. 30-1, ¶ 14.

In the course of Defendant's Chapter 13 petition, Defendant filed a Plan conforming to the Chapter 7 Trustee's determination on January 19, 2012.  DSMF

¶ 6.  Plaintiff did not object to said Plan.  <u>See generally</u> <u>In re Berryman</u>, Bankr No.: 11-15066 (Bankr. E.D. Tn 2011).  Said Plan clearly conformed to the Chapter 7 Trustee's finding of fact, to wit: the property possessed exposed equity in light of an imperfect lien.  DSMF ¶¶ 5-6.  Ultimately, the United States Bankruptcy Court for the Eastern District of Tennessee, Chattanooga Division (hereinafter referenced as "the Bankruptcy Court"), confirmed and adopted Defendant's Chapter 13 Plan into its Order, including the language therein.  DSMF ¶ 6.

Defendant made payments on his Chapter 13 Plan allowing the Bankruptcy Court to issue a Discharge Order.  DSMF ¶ 12.  Said discharge Order clearly and conspicuously states "Creditors cannot collect discharged debts."  <u>Id</u>. Additionally, said Order clearly allows the enforcement of lien to the extent they have not been "avoided or eliminated."  <u>Id</u>.  However, such Order does not clearly allow the perfection of invalid lien.  <u>Id</u>.  In fact, the Order seemingly prohibits attempts to perfect invalid liens as the post-discharge perfection of a lien is more akin to the furtherance of collection activity and not the enforcement of a lien which has not been avoided or eliminated (i.e., there wasn't a lien to avoid or eliminate if such lien needed to be perfected).  <u>Id</u>.

On July 9, 2019, Plaintiff brought this action to accomplish two goals.  Doc. 1.  First, Plaintiff is essentially seeking this Court's declaration it cannot be found in contempt of the Bankruptcy Court's discharge Order for seeking to perfect its

lien post-discharge as it is concerned it may be violating the discharge Order by taken such action.  Id.  Second, Plaintiff in the same breath is seeking this Court's declaration the lien be reformed into perfection and this Court's declaration it may commence enforcement as if the lien were perfected from June 23, 2003.  Id. Defendant contests these attempts and this Court should ultimately rule in Defendant's favor.

## Standard of Review

Defendant concedes, pursuant to Federal Rule of Civil Procedure 56, summary judgment is proper if this Court finds, in light of the record before this Court, there are no genuine issues as to any material fact and a moving party is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Moreover, Defendant agrees this Court must construe all evidence and inferences in favor of the non-moving party.  Chapman v. Al. Transp., 229 F.3d 1012, 1023 (11th Cir. 2000).

## Argument and Citation to Authority

In brief, Defendant argues (a) Plaintiff's lien was invalid and there wasn't a security interest to avoid and/or eliminate, (b) Plaintiff refused, in light of clear contest, to address a situation they admit exists by virtue of their request for reformation and (c) their refusal to participate in Defendant's Bankruptcy action either estops them from asserting such defense now and/or constitutes a waiver

prohibiting relief.  At any conclusion, it is Defendant's position Plaintiff cannot reform their deed in light of Bankruptcy Court's discharge Order and injunctive relief.  Further, it is Defendant's position this Court should not declare Plaintiff immune from corrective action before the United States Bankruptcy Court for the Eastern District of Tennessee.

I.      **Plaintiff's alleged lien was invalid at the inception of Defendant's Bankruptcy filing.**

As an initial point, Defendant argues Plaintiff's alleged lien was invalid at the inception of Defendant's filing, Plaintiff did not challenge this factual finding and has, in fact, admitted such in seeking reformation of the legal description at hand.  The purpose of legal descriptions in real estate security deeds to is ensure proper notice as to identify the land being sold or transferred.  Harpagon Co. v. Gelfond, 279 Ga. 59, 61(1), 608 S.E. 2d 597 (2005).  While minor scrivener's errors can be corrected and may not actually be fatal without correction, failure to correct the location which places the property in a completely different county is a significant issue, is not comparable to other examples of minor errors and cuts against the purpose of the description.  Compare Elliott v. Wells Fargo Bank, N.A., No. 15-11131 (decided Sept. 22, 2015) (11th Cir. 2015) (Not Published) (per curiam) (finding a typographic error in properly stating the book/page of recordation is not fatal to a lien); Grant v. Fourth Nat. Bank of Columbus, 194 S.E.

2d 913, 229 Ga. 855, 862(2) (1972) (finding an inaccurate direction [northwesterly versus northeasterly] would not invalidate a legal description); <u>Ceasar v. Wells Fargo Bank, N.A.</u>, 744 S.E. 2d 369, 322 Ga. App. 529 (2013) (finding mislabeling a lot as 50 instead of 58 was not fatal to a lien).

In this matter, Plaintiff's predecessor drafted the documents in question. <u>See</u> Doc 1-3. Defendant is not an attorney, did not cause the error in question and is not responsible for the drafting error in question. <u>See Id</u>. However, implicit in this statement, and a point in which the parties agree, is a draft error did occur. <u>See</u> Doc. 30-1, ¶ 10. The error in question is significant insomuch as it seeks to identify land in Walker County, Georgia, which is not where the property is question is found. <u>Id</u>. What's more, while admittedly this is a mistaken description, the deed is sufficient clear as to call into question Plaintiff's ability to rely on Parol evidence to reform its mistake. <u>See generally</u> O.C.G.A. § 44-14-32 (2020). Hence, it would seem incumbent upon Plaintiff to resolve this matter as Georgia law allows. This assertion is bolstered by the action Plaintiff now seeks this Court to take (i.e., approve their reformation request).

However, as articulated below, Defendant's position is not Plaintiff ***<u>could not</u>*** have resolved this issue. The issue is ***<u>an error requiring significant corrective effort</u>*** (e.g., seeking reformation, recording a corrective affidavit pursuant to some contractual right, etc.) ***<u>had to see correction before the federal Bankruptcy Court</u>***

_**stayed, and ultimately extinguished Plaintiff's ability to further its collection**_

_**ability**_.  Defendant's position, as stated below is Plaintiff's petition fails because

Plaintiff is barred from resolving its error and not that some ability may have

existed sometime in the past.

**II.     Plaintiff, through its predecessor, failed to react to findings of fact in the**

**Bankruptcy Court, failed to object to Orders of the Bankruptcy Court**

**and are barred from relitigating this matter before this Court.**

As stated above, Defendant's position is not Plaintiff was without recourse

to resolve its mistake.  Instead, Defendant's position is Plaintiff was identified

factually as the party needing to resolve a perfection issue, Defendant clearly

conformed its Chapter 13 Plan to this finding and the Bankruptcy Court adopted

Defendant's Plan into its Confirmation Order.  Plaintiff's acceptance of the Court's

actions has caused a waiver of its rights to challenge the proceedings below and

Plaintiff should be estopped from challenging the findings it allowed to stand.

**A.     The automatic stay.**

From the onset of Defendant's Bankruptcy action, Plaintiff had opportunities

and responsibilities to defend what it now argues is/was a valid lien.  The first

challenge Plaintiff's predecessor ignored was their obligations to resolve the

automatic stay issues.

One of the benefits to a bankrupt debtor of a bankruptcy filing is the automatic bankruptcy stay.  Salient to this dispute, federal bankruptcy law states all entities are enjoined from commencing judicial actions against a debtor to advance claims against said debtor.  11 U.S.C. §362(a)(1)(2020).  Additionally, all entities are enjoined from "any act to **_create_**, **_perfect_**, or enforce" any lien against property of the estate or the debtor.  11 U.S.C. § 362(a)(4)-(5) (emphasis added).

Assuming Plaintiff would assert it has always held the belief its lien was fully enforceable without further perfection it seems just to find Plaintiff had a duty to protect itself from irreparable damage.  Section 362 allows a party in interest to do so with relative ease.  Specifically, any party in interest can move the Bankruptcy Courts for relief of stay to resolve any situation which would otherwise cause said party to suffer irreparable damage.  11 U.S.C. § 362(f).  In this matter, at no time, did Plaintiff avail itself of this right.  <u>See generally</u> <u>In re Berryman</u>, Bankr. No. 11-15066 (Bankr. E.D. Tn 2011).

**B.     Plaintiff did not contest the finding of facts from the Bankruptcy Proceeding Below.**

In connection with the discussion above, even if Plaintiff did not immediately identify its error and seek stay relief, it is reasonable to believe Plaintiff had a duty to do so when the Chapter 7 Trustee determined he could liquidate the Property and/or when the Defendant conformed his Plan to this

finding which the Bankruptcy Court later adopted.  Defendant filed his Chapter 7 petition on September 13, 2011.  DSMF ¶ 4.  Plaintiff's claim and the collateral were listed in the schedules allowing the Court to assess the same.  DSMF ¶ 5. The Court appointed Trustee found the ability to liquidate the Property without concern for the purported lien and inferred such finding on January 6, 2012.  Id. Plaintiff's predecessors were aware of this finding and offered no challenge whatsoever.

In light the Court appointed Trustee's intention to sell the property without consideration of the lien in question and Plaintiff's inaction to defend its lien, Defendant found it necessary to convert his petition to one under Chapter 13. DSMF ¶ 6.  Defendant filed a Plan which conformed with the Chapter 7 Trustee's finding and directed Plaintiff's predecessor to be paid as a general unsecured claim because of the imperfect lien.  See DSMF ¶ 6-10.  The Bankruptcy Court ultimately accepted this Plan and adopted its language attaching the same to its confirmation Order.  Id.  Even here, Plaintiff failed to defend its lien.  Ultimately, Defendant was granted a discharge and the rigors of the automatic stay essentially became permanent.   See DSMF ¶¶ 12-16.

Ultimately, all participants, including Plaintiff's predecessor proceeded as if Plaintiff did not possess a perfected lien.

**C.**     **A Confirmed Chapter 13 Plan has a *res judicata* effect regarding issues addressed and determined within them and Plaintiff waived its arguments against the contents of the Confirmed Chapter 13 Plan considering its failures to challenge the Plan in the Bankruptcy Proceeding.**

In this matter, Defendant's position is the Bankruptcy Court, by incorporating the language of the confirmed Plan into its Order, has resolved the issue barring Plaintiff's attempts to relitigate this dispute.  Specifically, our Circuit has found it is conclusive a confirmed Chapter 13 Plan "has preclusive effect, foreclosing relitigation of any issue actually litigated by the parties and ***any issue necessarily determined by the confirmation Order***."  Whaley v. Guilen (In re Guilen), No.: 17-13899 (11th Cir. 2020)(decided Aug. 25, 2020) (Marcus, J.) (*citing* Bullard v. Blue Hills Bank, 135 S. Ct. 1686, 1692 (2015)(Emphasis added). This *res judicata* effect is ebbed when a statutory directs such.  Whaley v. Guilen (In re Guilen), No.: 17-13899 (11th Cir. 2020)(decided Aug. 25, 2020) (Marcus, J.) (citations omitted); compare 11 U.S.C. § 1327, 1329 (2020).

In this matter, the Bankruptcy Court attached and adopted the provisions of Defendant's Chapter 13 Plan into its Order.  See DSMF 6-10.  Plaintiff and its predecessor did nothing to object and/or otherwise challenge the Plan and/or the incorporation of the same into the Bankruptcy Court's Order.  While Plaintiff has

stated compelling objections to confirmation of the Defendant's Plan in this proceeding, those arguments are noticeably absent from the Bankruptcy proceeding.  As such, Defendant asserts Plaintiff has waived said argument.

To the extent the Plaintiff attempts to argue Defendant's withdrawal of his objection to their claim excuses their failure to object to his Plan, Defendant asserts several facts diminishing the effect of the withdrawn motion.  First, Defendant notes his Plan was confirmed and incorporated prior to the objection in question and the Plan/Order was not dependent on the objection.  Second, Defendant notes the Court did not deny the merits of Defendant's objection nor did it specifically Order Defendant to file an adversary proceeding.  The Court denied ***without prejudice*** Defendant's motion as withdrawn reserving Defendant the right to file an adversary proceeding.  Lastly, at no time after the confirmation and adoption of the Defendant's Plan did Plaintiff seek to have the Order set aside nor did the Bankruptcy Court make a subsequent Order impacting the confirmed and adopted Plan.  Hence, the confirmed Plan and Order incorporating the same still stand unchallenged in Bankruptcy Court.

## III.   Granting summary judgment to Plaintiff is not merited.

When viewed in a light most favorable to Defendant, Plaintiff has not shown a grant of summary judgment is merited.  Plaintiff has not addressed the fact it requires reformation to resolve its perfection problem and how the discharge

injunction allows reformation.  Plaintiff has not addressed how it preserved its challenge to Defendant's confirmed Plan and the language the Bankruptcy Court adopted into its preclusive confirmation Order.  Taken together, Plaintiff requires additional facts to pierce waiver, estoppel and injunction concerns.  As such, summary judgment in Plaintiff's favor is not warranted.

## IV.    Granting summary judgment to Defendant is warranted.

Conversely, Defendant has made a sufficient showing to warrant summary judgment in his favor.  Defendant has shown this Court the appointed Chapter 7 Trustee was intent on liquidating the Property as said appointed Trustee found Plaintiff's lien unperfected.  DSMF ¶ 5.  Defendant has further shown he filed a Plan specifically conforming to the appointed Chapter 7 Trustee's position and said Plan was confirmed and incorporated via reference in and attachment to the Bankruptcy Court's confirmation Order.  DSMF ¶ 6-10.  Thus, Defendant has shown the Bankruptcy Court's Order specifically found Plaintiff's predecessor should be paid as an unsecured creditor in light of the unperfected lien.  Id. Further, Defendant has shown the Bankruptcy Court's Order has a conclusive effect.  Whaley v. Guilen (In re Guilen), No.: 17-13899 (11th Cir. 2020)(decided Aug. 25, 2020) (Marcus, J.) (citing Bullard v. Blue Hills Bank, 135 S. Ct. 1686, 1692 (2015)(Emphasis added).  Lastly, Plaintiff has presented no evidence it ever sought to assert the claims it does now in the Bankruptcy proceeding other than

referencing Defendant's objection to its claim.  Therefore, even in a light most favorable to Plaintiff, Defendant has shown Plaintiff has waived its arguments in the Bankruptcy proceedings.  Because Plaintiff has waived its arguments, it is conclusive the Bankruptcy Court's confirmation Order and discharge injunction should stand to (a) prohibit Plaintiff from perfecting its lien and (b) allow Defendant to take corrective action against Plaintiff in the Bankruptcy Court.

## Conclusion

Defendant has shown the above-stated facts and arguments allowing this Court to rule in Defendant's favor.  WHEREFORE Defendant prays this Court Order summary judgment in Defendant's favor, deny Plaintiff any relief and dismiss the above-styled action in total with prejudice.

Respectfully submitted this 17th day of September, 2020.

SALTER LAW GROUP, LLC
Attorneys for Defendant

 _/s/ *W. Jeremy Salter*_____
W. Jeremy Salter
Ga. Bar No.: 303979

PO Box 609
Rome, GA 30162
Tel:   706-295-1300
Fax:   706-295-0238
jeremy@jsalterlaw.com