IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF11 MASTER PARTICIPATION TRUST,<br><br>　Plaintiff,<br><br>v.<br><br>RONALD BERRYMAN,<br><br>　Defendant. | CIVIL ACTION FILE NO.<br><br>4:19-cv-00147-SCJ |

## ORDER

This matter appears before the Court on Plaintiff's Motion for Summary Judgment (Doc. No. [30]).[1] Defendant responded in opposition (Doc. No. [32]), and Plaintiff replied (Doc. No. [34]). The Court rules as follows.

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

## I. BACKGROUND

The following facts are undisputed unless otherwise stated.[2] In order for Defendant to purchase certain real property located at 55 Hargraves Avenue, Rossville, Catoosa County, Georgia 30741 (the "Property"), Defendant executed a Note in favor of Hometown Mortgage Services, Inc. for a Loan in the original principal amount of $44,000.00. Doc. Nos. [7], p. 4, ¶ 13; [30-1], pp. 1–2, ¶¶ 1, 3. As part of the same transaction, Defendant also executed and delivered a Security Deed. Doc. Nos. [7], p. 5, ¶ 17; [28-1], p. 15. While a legal description attached as an exhibit to the Security Deed properly identified the Property, the Security Deed itself mistakenly described an "unrelated property" located in Walker County, Georgia. Doc. Nos. [7], p. 3, ¶ 7; [30-1], p. 4, ¶¶ 9–11.

On September 13, 2011, Defendant filed a Chapter 7 voluntary petition for bankruptcy (Doc. Nos. [7], p. 5, ¶ 22; [30-1], p. 5, ¶ 12), which was later converted to a Chapter 13 bankruptcy (Doc. No. [30-1], p. 5, ¶ 14). On March 22, 2017, the bankruptcy court granted Defendant a discharge. Doc. No. [30-1], p. 7, ¶ 25. Throughout the bankruptcy case, Defendant did not pay the full balance of

---

[2] Local Rule 56.1(B) governs the process for determining the relevant facts for the purpose of ruling on this motion. L.R. 56.1(B), NDGa.

Plaintiff's predecessor's $38,401.26 Proof of Claim. Doc. No. [30-1], p. 7, ¶ 24. Defendant objected to the Proof of Claim but subsequently withdrew his objection. Id. at 6, ¶¶ 17, 19. Even since the closure of the bankruptcy case, Defendant has not made any further payments. Id. at 7, ¶ 24; Doc. No. [28-1], p. 19. On April 18, 2019, Plaintiff, serving as Trustee for LSF11 Master Participation Trust was assigned the Security Deed. Doc. Nos. [7], p. 7, ¶ 38; [30-1], p. 7, ¶ 23. Following the closure of the bankruptcy case, Defendant's attorney informed Plaintiff's predecessor that the Security Deed was discharged and thus unenforceable. Doc. [7], p. 7, ¶ 37; Nos. [30-1], p. 8, ¶ 26.

On July 9, 2019, Plaintiff filed a Complaint against Defendant. Doc. No. [1]. In its Complaint, Plaintiff requested declaratory judgment pursuant to 28 U.S.C. § 2201(a) (id. at pp. 11–13) and reformation of the Security Deed pursuant to O.C.G.A. § 23-2-25 (id. at pp. 13–16). After Defendant filed its answer (Doc. No. [7]), Defendant moved to transfer this action to the United States Bankruptcy Court for the Eastern District of Tennessee (Doc. No. [8]). The Court denied Defendant's motion to transfer venue, or in the alternative, to dismiss this action in its entirety. Doc. No. [15]. Following a 90-day extended discovery period, Plaintiff timely filed a Motion for Summary Judgment on August 27, 2020. Doc.

No. [30]. Defendant subsequently filed his response (Doc. No. [32])[3] and Plaintiff filed its reply (Doc. No. [34]).

This matter is now ripe for review.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) provides "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

A factual dispute is genuine if the evidence would allow a reasonable jury to find for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it is "a legal element of the claim under the applicable substantive law which might affect the outcome of the case." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997).

---

[3] Defendant attempted to file a cross-motion for summary judgment in the same document as his response in opposition to Plaintiff's Motion for Summary Judgment. See Doc. No. [32-2], pp. 12–13. "This is procedurally improper" as parties should "file responses and new [m]otions in separate documents." Frankenmuth Mut. Ins. Co. v. Aircomfort HVAC, Inc., No. 4:15-CV-0132-HLM, 2017 WL 3446212, n.1 (N.D. Ga. Jan. 30, 2017). Accordingly, the Court will consider the filing solely as a response in opposition to Plaintiff's Motion for Summary Judgment.

Also, Defendant raised the argument of *res judicata* in his response in opposition to Plaintiff's Motion for Summary Judgment. Doc. No. [32-2], p. 10. The Court already overruled Defendant's *res judicata* argument in a prior Order. See Doc. No. [15], p. 11. Thus, Defendant's *res judicata* argument is moot.

The moving party bears the initial burden of showing the court, by reference to materials in the record, that there is no genuine dispute as to any material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party's burden is discharged merely by "'showing'— that is, pointing out to the district court—that there is an absence of evidence to support [an essential element of] the nonmoving party's case." Celotex Corp., 477 U.S. at 325. In determining whether the moving party has met this burden, the district court must view the evidence and all factual inferences in the light most favorable to the party opposing the motion. Johnson v. Clifton, 74 F.3d 1087, 1090 (11th Cir. 1996). Once the moving party has adequately supported its motion, the non-movant then has the burden of showing that summary judgment is improper by coming forward with specific facts showing a genuine dispute. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The court should resolve all reasonable doubts in the non-movant's favor. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). In addition, the court must "avoid weighing conflicting evidence or making credibility determinations." Stewart v. Booker T. Washington Ins., 232 F.3d 844, 848 (11th Cir. 2000). When the record as

a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine dispute for trial. Fitzpatrick, 2 F.3d at 1115 (citations omitted).

## III. ANALYSIS

### A. Declaratory Judgment

In its Complaint, Plaintiff seeks a declaratory judgment pursuant to 28 U.S.C. § 2201(a) determining that even after the discharge of Defendant's personal liability for the debt, the "lien encumbering the Property and evidenced by the recorded Security Deed, is a valid, enforceable lien, still attached to the Property." Doc. No. [1], p. 11, ¶ 47. In response, Defendant argues that Plaintiff's lien was "invalid at the inception of [his bankruptcy] filing." Doc. No. [32-2], p. 5.

The Supreme Court has "held that a discharge in bankruptcy does not release real estate of the debtor from the lien of a mortgage created by [them] before the bankruptcy." Dewsnup v. Timm, 502 U.S. 410, 419 (1992) (citing Long v. Bullard, 117 U.S. 617, 620–21 (1886)). "Liens on property remain enforceable after discharge unless avoidable under the Bankruptcy Code" and "the debtor has taken timely steps to avoid it." In re Holloway, 81 F.3d 1062, 1063, n.1 (11th Cir. 1996). According to Rule 7001 of the Federal Rules of Bankruptcy Procedure,

"determin[ing] the validity, priority, or extent of a lien or other interest in property" is a matter that must be brought as an adversary proceeding. In re Fisher Island Investments, Inc., 778 F.3d 1172, 1194 (11th Cir. 2015) (quoting Fed. R. Bankr. P. 7001(2)).

Here, Defendant did not show that the lien on his property was avoidable under the Bankruptcy Code, nor did Defendant determine the validity of Plaintiff's lien via an adversary proceeding. In fact, Defendant conceded that he never filed any adversary proceeding. See Doc. Nos. [8-1], p. 4; [15], p. 9; [30-1], p. 7, ¶ 21. Rather, Defendant challenged the lien's validity through his responsive brief in opposition to Plaintiff's Motion for Summary Judgment. Because Defendant failed to take the requisite steps to deem the lien on his property as unenforceable, there is no genuine issue of material fact as to the validity of the lien on his property.

### B. Reformation

In response to Plaintiff seeking for the Court to "reform the Security Deed to the extent necessary to correct the legal description of the Property" (Doc. No. [1], p. 14, ¶ 53), Defendant argues that Plaintiff is "barred from resolving its

7

error" because it did not "see correction before the federal Bankruptcy Court stayed" the bankruptcy proceedings. Doc. No. [32-2], pp. 6–7.

Georgia law allows for reformation of deeds based on mutual mistake "between the original parties or their privies in law, in fact, or in estate." Shannon v. Albertelli Firm, P.C., 610 F. App'x 866, 873 (11th Cir. 2015) (quoting Moore v. McBryar, 290 Ga. App. 729, 728, 659 S.E.2d 789, 792 (2008)); see also Bank of Am., N.A. v. Garcia, No. 1:16-CV-04762-JPB, 2019 WL 7484746, at *4–6 (N.D. Ga. Oct. 30, 2019) (reforming recorded deed to correct mutual mistake of the contracting parties). Additionally, "the cause of the defect is immaterial so long as the mistake is common to both parties to the transaction." Zaimis v. Sharis, 275 Ga. 532, 533, 570 S.E.2d 313, 314 (2002) (quoting Curry v. Curry, 267 Ga. 66, 67, 473 S.E.2d 760, 761 (1996)). If the non-complaining party has not been prejudiced, "the negligence of the complaining party will not defeat [its] right to reformation." Id. (citing Curry, 267 Ga. at 67, 473 S.E.2d at 761).

Defendant admitted that he and Hometown Mortgages Services intended for the Property to be the only property conveyed by the Security Deed. Doc. Nos. [30-1], pp. 4–5, ¶ 11; [28-1], pp. 18–19. Defendant also agreed that it was "likely a mistake to describe property in Walker County" in the Security Deed.

8

Doc. Nos. [30-1], pp. 4–5, ¶ 11; [28-1], p. 18; [7], p. 8, ¶ 7. Additionally, Defendant stated that the Property was intended to be collateral for his mortgage loan. Doc. No. [28-1], p. 16. Given the foregoing, the Court finds that Defendant did not show prejudice that would result from reformation; nor did he show that he had already endured prejudice. Because the mistake was mutual to both parties of the transaction and Defendant did not show prejudice, Plaintiff is not barred from resolving the error in the Security Deed.

Thus, the Court finds that the evidence in the record has established that the property description was a mutual mistake by the original parties. Further, because Plaintiff is a privy in law to Defendant as Plaintiff was assigned the Security Deed (see O.C.G.A. § 44-14-64 (authorizing transfer of security deeds through an assignment)), Plaintiff has sufficiently established that the Court should grant summary judgment to reform the Security Deed to accurately reflect the Property's legal description.

**IV.   CONCLUSION**

Accordingly, the Court **GRANTS** Plaintiff's Motion for Summary Judgment (Doc. No. [30]). The Court **DECLARES** the following:

1. The lien encumbering that certain real property located at 55 Hargraves Avenue, Rossville, Catoosa County, Georgia 30741 (the

"Property") and evidenced by the Security Deed recorded in Deed Book 1002, Page 590, Catoosa County, Georgia real estate records (the "Security Deed") is a valid, enforceable lien still attached to the Property even after the discharge of Ronald Berryman's personal liability for that certain debt secured by the Security Deed.

2. The Security Deed is valid and perfected against the Property in its current state because it contains the proper street address within its legal description.

3. U.S. Bank Trust, N.A. as Trustee for LSF11 Master Participation Trust ("U.S. Bank"), upon the granting of the relief requested herein, may proceed in its exercise of its nonjudicial foreclosure remedies as granted in the Security Deed.

4. U.S. Bank may record a certified copy of this Order upon the Catoosa County, Georgia real estate records to establish as a matter of law that the relief sought herein is granted.

Additionally, the Court **ORDERS** that Plaintiff is entitled to reformation of the Security Deed, which shall be reformed as follows:

The following is to be deleted from Page 2 of the Security Deed:

> ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN ORIGINAL LAND LOT 6, IN THE 9TH DISTRICT AND 4THSECTION OF WALKER COUNTY, GEORGIA, BEING KNOWN AND DESIGNATED AS LOT 75, WOODLAND HILLS SUBDIVISION, OF RECORD IN PLAT BOOK 5, PAGE 116, IN THE OFFICE OF THE CLERK OF THE SUPERIOR COURT OF WALKER COUNTY, GEORGIA.
> A.P.N. #: 0-115-027

See Doc. No. [1-3], p. 3. After deletion of the property description above, the following accurate property description from Exhibit A of the Security Deed should be inserted in its place:

> All that tract or parcel of land lying and being in Original Land Lot 61, in the 9th District and 4th Section of Catoosa County, Georgia, being known and designated as the East forty-six (46) feet of Lot 38 and the West four (4) feet of Lot 39, J. F. Bennett Subdivision, of record in Plat Book M, Page 499, in the Office of the clerk of the Superior Court of Catoosa County, Georgia.
>
> For prior title see Deed recorded in Book 690, Page 525, in the Office of the Clerk of the Superior Court of Catoosa County, Georgia.
>
> THIS CONVEYANCE MADE SUBJECT TO THE FOLLOWING: Subject to all notes, stipulations, restrictions, easements, conditions, and regulations as set out on recorded plat.
>
> Any governmental zoning and subdivision ordinances in effect thereon.

See Doc. No. [1-1], p. 2.

As nothing remains for this Court's review, the Clerk is **DIRECTED** to enter judgment in favor of Plaintiff and close this civil action.

11

**IT IS SO ORDERED** this \_\_\_\_12th\_\_\_\_ day of March, 2021.

*/s/ Steve C. Jones*

_____
**HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE**